UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In Re:

BROOKE NICOLE MATHIS,      Case No. 22-31540
   Chapter 7
   Debtor,      Hon. Joel D. Applebaum

_____/

TMR INCORPORATED and
MARK ROMAN,

   Plaintiffs,      Adv. Proc. No. 23-3001

v.

BROOKE NICOLE MATHIS,

   Defendant,

_____/

## OPINION AND ORDER DISMISSING ADVERSARY PROCEEDING

This matter is before the Court on the cross-motions for summary judgment filed by plaintiffs Mark Roman ("Roman") and TMR Incorporated ("TMR"), a corporation owned by Roman's daughter, and defendant Brooke Nicole Mathis ("Defendant" or "Mathis"), Roman's niece. Before this Court can address the parties' respective motions, however, it is first required to ascertain whether

Plaintiffs possess what some courts refer to as "standing,"[1] and other courts refer to as the "statutory authority"[2] to bring this lawsuit. In this context, as discussed below, courts use the terms "standing" and "statutory authority" interchangeably. Regardless of nomenclature used, Plaintiffs' lack the requisite standing or statutory authority to maintain this action and, accordingly, this adversary proceeding is DISMISSED.

I.

FACTUAL BACKGROUND

On October 19, 2022, Defendant filed this no-asset Chapter 7 bankruptcy case. (Case No. 22-31540). Creditors are not required to file proofs of claim in no-asset cases.

On the same date, Defendant, as the president and sole shareholder of UM Saloon Concepts, Inc. ("UM"), placed UM into chapter 7 bankruptcy (Case No. 22-31541). TMR filed a proof of claim in the UM case on June 30, 2023 in the amount of $16,000 for "money loaned" (Claim No. 12). Roman did not file a claim in the UM case.

---

[1] *Church Joint Venture, L.P. v. Blasingame (In re Blasingame)*, 585 B.R. 850, 864 (6th Cir. BAP 2018); *Marshall v. McCaffrey (In re McCaffrey)*, 216 B.R. 196, 199-200 (Bankr. E.D. Mich. 1997).

[2] *Artesanias Hacienda Real S.A. DE C.V. v. North Mill Capital, LLC (In re Wilton Armetale, Inc.*, 968 F.3d 273, 280-283 (3rd Cir. 2020).

On January 13, 2023, Plaintiffs filed a seven-count adversary complaint against Defendant. All but three counts were voluntarily dismissed by Plaintiffs.[3] The remaining counts assert Defendant's alleged debt to Plaintiffs is non-dischargeable under 11 U.S.C. § 523(a)(2)(A) (false pretenses, false representation and fraud), §523(a)(4) (fraud of a fiduciary), and § 523(a)(6) (willful and malicious injury) (Counts I, II, and III).

Plaintiffs' complaint seeks a non-dischargeability determination against Defendant in the amount of $32,000. Notably, the Complaint does not explain how Plaintiffs arrived at this amount.[4] During oral argument, Plaintiffs acknowledged that they did not know the amount they were seeking to be held non-dischargeable but did acknowledge that *all* damages being asserted were damages suffered directly by the corporation. (December 13, 2024 Hearing, beginning at 46:42).

On October 17, 2023, Plaintiffs filed their motion for summary judgment (Docket No. 29). For all three of the § 523(a) counts (Counts I, II, and III), Plaintiffs allege non-dischargeability on either or both of the following grounds: (1) Defendant

---

[3] The Court entered an order dismissing Counts IV, V, VI and VII on December 13, 2023.

[4] While not specifically identified, the $32,000 amount requested appears to consist of Defendant's withdrawal of $18,000 from UM Saloon Concepts' Bank of America account on January 28, 2020 (Docket 1, Complaint, ¶¶ 17, 42, 47, 53) and a $14,000 personal loan allegedly made by Roman in February 2020 "to replenish the business account" (Docket 1, Complaint, ¶ 18).

withdrew $18,000 of business funds for her own personal use which shows her intent to defraud the company; and/or (2) Defendant, as the sole shareholder of UM Saloon Concepts knowingly took out three PPP loans and never used those funds for the business, nor for the retention of current employees, to the determent of former employees, Plaintiff included.[5] None of Plaintiffs' § 523(a) counts assert non-dischargeability for Roman's alleged $14,000 loan.[6] Moreover, none of the § 523 counts reference the $16,000 loan Plaintiff TMR allegedly made to UM Saloon Concepts.[7]

On October 17, 2023, Defendant filed her motion for summary judgment (Docket No. 26). Defendant argues that she is entitled to summary judgment because either Plaintiffs failed to state a claim or there are essential elements of each of

---

[5] Count I, ¶ 41, also alleges that Defendant made misrepresentations to Plaintiffs. However, neither the Complaint nor Plaintiffs' brief set forth any specific misrepresentations that were made by Defendant, nor does it set forth the damages resulting from any alleged misrepresentations.

[6] At oral argument, Plaintiffs' counsel stated that Plaintiffs could not move forward on the $14,000 amount because they had not provided any documentary evidence for that amount nor had Roman filed a proof of claim in the UM bankruptcy case. (December 13, 2024 Hearing at 13:51)

[7] Plaintiffs only mention this $16,000 loan from TMR once in the complaint (paragraph 20) as part of the Plaintiffs' factual allegations; the $16,000 is not mentioned at all under the § 523 counts alleged.

4

23-03001-jda    Doc 37    Filed 01/12/24    Entered 01/12/24 14:40:21    Page 4 of 9

Plaintiffs' claims for which Plaintiffs have not provided, and cannot provide, factual support.

On October 31, 2023, Defendant and Plaintiffs each filed their responses to the respective motions (Docket Nos. 30 and 31).

II.

ANALYSIS

Plaintiffs' complaint alleges that Defendant owes them $32,000 and that amount should be found non-dischargeable pursuant to §§ 523(a)(2), (4), and (6) of the Bankruptcy Code. As discussed below, this Court finds that these claims, to the extent they exist, are rightfully claims against UM, and not against its president and sole shareholder.

As is apparent from Plaintiffs' allegations, the harm allegedly visited on UM by Defendant was felt equally by all creditors of UM, and Plaintiffs readily acknowledged as much during oral argument. Plaintiffs do not allege any *direct* injury as a result of Defendant's alleged actions or as a result of the closing of the business. As the court in *In re Tamarack Development Assoc.* recently explained,

> In general, under Michigan law, "a suit to enforce corporate rights or to redress or prevent injury to the corporation, whether arising from contract or tort, . . . must be brought in the name of the corporation, and not that of a stockholder, officer, or employee . . . ." Accordingly, "where the alleged injury to the individual results only from the injury

to the corporation, the injury is merely derivative and the individual does not have a right of action against the third party."

611 B.R. 286, 300 (Bankr. W.D. Mich. 2020) (internal citations omitted).[8] In other words, if all creditors are injured due to injury to the corporation, the individual does not have a direct cause of action, only a derivative one.

This is the case here. Assuming for the sake of argument that TMR and Roman actually hold claims against Defendant, those claims are entirely derivative of their direct claims against UM, and neither TMR nor Roman have a direct right of action against Defendant.

As previously noted, some courts refer to the inability of a creditor to assert derivative claims against a third party as a lack of standing. *See, Church Joint Venture, L.P. v. Blasingame (In re Blasingame)*, 585 B.R. 850, 864 (6th Cir. BAP 2018); *Marshall v. McCaffrey (In re McCaffrey)*, 216 B.R. 196, 199-200 (Bankr. E.D. Mich. 1997). In *Blasingame*, for example, the 6th Circuit BAP affirmed the bankruptcy court's decision holding that the creditor could not pursue claims derivatively on the trustee's behalf. Standing, according to the court, "relates to who may pursue a claim." *Blasingame*, 585 B.R. at 864. Because a creditor cannot assert

---

[8] The two exceptions to this rule that would enable a shareholder to sue on his or her own behalf are not applicable here as neither TMR nor Roman are shareholders of UM.

derivative claims against a third party, the court described the creditor as lacking standing to pursue such derivative claims. Similarly, in *McCaffrey*, the court held that "plaintiffs are precluded from such action [bringing derivative claims] because a creditor does not have standing to assert such a claim." *McCaffrey*, 216 B.R. at 199.

In contrast, the court in *Artesanias Hacienda Real S.A. DE C.V. v. North Mill Capital, LLC (In re Wilton Armetale, Inc.)*, 968 F.3d 273, 280-283 (3rd Cir. 2020) clarified its previous opinions and held that "a litigant's 'standing' to pursue causes of action that become the estate's property means its *statutory* authority under the Bankruptcy Code, not its *constitutional* standing to invoke the federal judicial power." *Id*. at 280-281 (emphasis in original). In other words, even though the creditor may have constitutional standing, the creditor lacked the requisite statutory authority under the Bankruptcy Code to pursue derivative claims against a third party. *Id*.

Whether labeled standing or statutory authority, any alleged claim held by TMR and/or Roman against Defendant are entirely derivative, and neither TMR nor Roman have standing or the statutory authority to pursue derivative claims against Defendant.

Further, even assuming that Plaintiffs are alleging that UM, *a debtor in a separate chapter 7 proceeding*, owes Roman some amount, including but not limited

to an alleged $14,000 loan made by him to UM, Roman did not file a proof of claim for *any* amount in the UM case. Fed. R. Bankr. P. 3002(a) provides that a "secured creditor, unsecured creditor, or equity security holder must file a proof of claim or interest for the claim or interest to be allowed . . .." While there are exceptions to this rule, none are applicable here. Therefore, Defendant cannot be liable to Roman for amounts owed to him by UM because Roman is not a creditor of UM.[9]

Unlike Roman, TMR did file a claim in the UM case for $16,000, described on the proof of claim form as being for "money loaned."[10] According to Plaintiffs, Defendant should be personally liable for this amount and more because, as the sole

---

[9] In addition to the glaring absence of a proof of claim in the UM case, the Court also notes that Roman did not submit any affidavits, loan documents or other pertinent evidence to establish the existence of a $14,000 loan to UM. In fact, Roman carefully pleaded in both his complaint and in his brief in support of motion for summary judgment that he took out a personal loan for $14,000 which he then "transferred" to UM "to replenish the business account." (Complaint, ¶ 19, AP Dkt. No. 1; Brief in Support of Plaintiffs' Motion for Summary Judgment, ¶ 12, AP Dkt. No. 29). It is noteworthy that Roman describes this transaction as a "transfer to replenish" UM's business account so that sales taxes could be paid, and not as a loan by Roman to UM. In addition, Defendant counters this assertion by stating that *Roman* diverted approximately $14,000 that was to pay the sales taxes in the first place.

[10] TMR also asserted that its claim was entitled to priority treatment for wages, salaries, or commissions earned in the within the 180 days preceding UM's bankruptcy filing, an assertion withdrawn during oral argument. Although a copy of a check in the amount of $16,000 made payable to UM Saloon Concepts was attached to the proof of claim form, no loan agreement or other documents evidencing a loan were provided.

shareholder and officer of UM, she took $18,000 from UM and obtained PPP loans for UM that she did not use in the business. Although the exact nature of the allegations with respect to the PPP loans and the $18,000 is unclear, Plaintiffs allege that UM was harmed, ultimately resulting in the business closing, Roman and all other employees losing their jobs, and leaving TMR (assuming that it, in fact, made a $16,000 loan to UM) unpaid as well as many vendors, taxing authorities and a landlord. This adversary proceeding, however, was filed against Defendant and not UM. For this reason, TMR cannot collect against Defendant for a claim filed in the UM case.

III.

ORDER

For the above stated reasons, Plaintiffs' lack the requisite standing or statutory authority to maintain this action. Accordingly,

IT IS HEREBY ORDERED that this adversary proceeding is DISMISSED.

**Signed on January 12, 2024**

/s/ Joel D. Applebaum

**Joel D. Applebaum**
**United States Bankruptcy Judge**